UNITED STATES of America,
Plaintiff-Appellee,

v.

Ronald Russell SMITH, Jr.,
Defendant-Appellant.

No. 27509.

United States Court of Appeals
Fifth Circuit.

Nov. 19, 1969.

Ross Arnold, Atlanta, Ga., (court-appointed) for defendant-appellant.

John W. Stokes, Jr., U. S. Atty., Robert L. Smith, Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before TUTTLE, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

The appellant was convicted of unlawfully, willfully and knowingly transport-

ing in interstate commerce for Hamilton County, Tennessee to Dade County, Georgia, a certain stolen motor vehicle. He was convicted following a trial by a jury, partially upon an out of court confession made by him to an F.B.I. Agent. At the trial, counsel for the defendant, sought to prove that the confession was coerced or, at least was not voluntary. By express request of counsel for the defendant, the entire extrajudicial statement was testified to by the F.B.I. Agent in open court in the presence of the jury, although counsel was apprised of the fact that the defendant had a right under the Supreme Court decision of Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 and/or 18 U.S.C.A. § 3501(a) [1] to have the initial question of the voluntariness passed upon by the trial judge out of the presence of the jury.

Although it appears that in this case, based upon the stated consent of counsel, the inculpatory statement was presented to the jury directly, rather than to the trial judge for his prior determination, it also appears that, before the case was submitted to the jury, the trial court was given an opportunity to pass upon the issue of voluntariness out of the presence of the jury. This opportunity was presented to the trial court when, at the conclusion of the government's case, counsel for the defendant made a motion for a judgment of acquittal, which he based upon his contention that the statement was not voluntary under the circumstances. Counsel's statement in support of his motion was as follows: "The evidence shows he had been in jail all night. No proof he had had anything to eat for twenty-four hours or what his circumstances were during those twenty-four hours.

"I think under this Miranda case, where a person has been in jail, and the Miranda case was some sixteen days, and he was questioned every day, this was one day admittedly, but the court there stated that the time a person has been in jail is a relevant factor as to the—as to really the defacto pressure that. could be put upon that person.

"I particularly emphasize the fact that at the time when he was in jail and interviewed by this Agent that there is no proof that there was any process at all of any state, federal or local government against him—outstanding against him. He had just been held all night in jail."

Under the circumstances of this case we conclude that the substantial requirements of Jackson v. Denno were complied with. Moreover, any technical failure would be harmless error, because no objection was made to the introduction of the out of court statement as testified to by the F.B.I. Agent or of the admission into evidence of the appellant's "waiver" document presented to him and signed by him before he was interviewed by the F.B.I. Agent.

This being the only substantial issue on appeal, we conclude that the judgment must be affirmed.

Judgment affirmed.

1. 18 U.S.C.A. § 3501(a) requires that:
   "In any criminal prosecution brought by the United States or by the District of Columbia, a confession, as defined in subsection (a) hereof, shall be admissible in evidence if it is voluntarily given. Before such confession is received in evidence, *the trial judge shall, out of the presence of the jury,* determine any issue as to voluntariness. If the trial

judge determines that the confession was voluntarily made it shall be admitted to evidence and the trial judge shall permit the jury to hear relevant evidence on the issue of voluntariness and shall instruct the jury to give such weight to the confession as the jury feels it deserves under all the circumstances." (Emphasis added.)